# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 14-344(5) (JRT/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S 28 U.S.C § 2255 MOTION** |
| JEFFERY DULWONH GBOR, | |
| Defendant. | |

Lola Velazquez-Aguilu, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Jeffery Dulwonh Gbor, Reg. No. 18257-041, FCI – Victorville, P.O. Box 3850, Adelanto, CA 92301, *pro se*.

Petitioner Jeffery Dulwonh Gbor pled guilty to Count 1, Conspiracy to Commit Bank Fraud, and Count 39, Aggravated Identity Theft, and the Court sentenced Gbor to 136 months' imprisonment. Gbor now moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Because Gbor failed to support his claim for ineffective assistance of counsel, the Court will deny Gbor's motion.

## BACKGROUND

In October 2014 Gbor was charged along with twenty-four codefendants with Conspiracy to Commit Bank Fraud, Brank Fraud, and Aggravated Identity Theft. (Presentence Investigation Report ("PSR") ¶ 1, Mar. 17, 2016, Docket No. 883.) Gbor entered into a plea agreement whereby Gbor agreed to plead guilty to Count 1,

- 1 -

Conspiracy to Commit Bank Fraud, and Count 39, Aggravated Identify Theft, in exchange for the government's dismissal of the remaining charges. (Change of Plea Hr'g Tr. ("Plea Hr'g Tr.") at 29:8-17, Aug. 11, 2016, Docket No. 1126.)

At the plea hearing, Gbor stated he was satisfied with his attorney's representation and that he understood the terms of the plea agreement. (*Id.* at 7:21-8:14.) Gbor responded "yes" when asked "[d]o you agree that . . . as a result of the transactions that you conducted, facilitated, as well as those transactions that were reasonably foreseeable to you and in furtherance of the jointly undertaken scheme, that you caused or intended to cause losses to federally insured financial institutions of $2,669,131.55?" (*Id.* at 17:16-23.) Gbor also admitted that he reviewed the plea agreement with his attorney. (*Id.* at 8:21-25.)

At Gbor's sentencing hearing, the Court calculated a total offense level of 27, including "a 16-level increase because of the amount of the loss." (Sentencing Hr'g Tr. at 3:13-21, Aug. 11, 2016, Docket No. 1127.) The Court calculated a criminal history category of VI, resulting in the following advisory Guidelines ranges: 130 to 162 months' imprisonment for Count 1 and mandatory 24 months' imprisonment for Count 39 to run consecutive to the sentence imposed for Count 1. (*Id.* at 3:19-4:6.) The Court sentenced Gbor to a total of 136 months' imprisonment, including 112 months for Count 1 and the consecutive 24 months for Count 39. (*Id.* at 21:15-24.)

Gbor appealed his sentence to the Eighth Circuit challenging the loss amount stipulated in the plea agreement and adopted by the Court. *United States v. Gbor*, 676 F. App'x 623, 623 (8th Cir. 2017) (per curiam). The Eighth Circuit affirmed, observing that

"Gbor did not object to the presentence report's calculation of actual losses suffered by eighteen financial institutions, and the district court was entitled to accept that calculation." *Id.*

On March 6, 2017, Gbor filed a motion to vacate, set aside, or correct his sentence pursuant to section 2255. The government opposes the motion.

## DISCUSSION

### I. STANDARD OF REVIEW

Section 2255 allows a federal prisoner a limited opportunity to seek post-conviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under [section] 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

### II. INEFFECTIVE ASSISTANCE OF COUNSEL

Gbor alleges ineffective assistance of counsel, arguing his counsel failed to adequately investigate the loss amount or advise Gbor that he could challenge the loss amount prior to Gbor's guilty plea.

A federal prisoner may seek post-conviction relief for ineffective assistance of counsel. The Court evaluates claims of ineffective assistance of counsel brought under section 2255 using the framework established in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011). Generally, "a showing of ineffective assistance of counsel satisfies both cause and prejudice," but the petitioner "faces a heavy burden" to demonstrate ineffective assistance. *Apfel*, 97 F.3d at 1076. First, the petitioner must establish that "his attorney's performance was so deficient as to fall outside the range of reasonable professional assistance." *Morelos v. United States*, 709 F.3d 1246, 1249-50 (8th Cir. 2013). Second, the petitioner must show that "he suffered such prejudice stemming from the deficient performance [that] there is a reasonable probability the proceeding would have had a different result." *Id*. at 1250. "Failure to establish either prong is fatal to a claim of ineffective assistance." *Id*. Further, when considering if counsel's performance was deficient, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Johnson v. United States*, 278 F.3d 839, 842 (8th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689).

The Court does not disagree that, in certain circumstances, a petitioner can show deficient performance when an attorney fails to investigate the facts underlying a loss-amount calculation. *See Calkins v. United States*, 795 F.3d 896, 901 (8th Cir. 2015) (Bright, J., dissenting) ("A failure to investigate the facts underlying a [loss-amount calculation in a] PSR is objectively unreasonable because a lawyer has an overarching duty to 'make reasonable investigations or to make a reasonable decision that makes

particular investigations unnecessary.'" (quoting *West v. United States*, 994 F.2d 510, 513 (8th Cir. 1993))).

Undermining Gbor's deficient performance arguments, however, are Gbor's own statements at the plea hearing. *See United States v. Rodriguez*, No. 11-205, 2013 WL 6328853, at *2 (D. Minn. Dec. 5, 2013). The Supreme Court explained that "dispositions by guilty plea are accorded a great measure of finality" and "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 71, 74 (1977). Therefore, "[t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* at 74.

Gbor was asked numerous times during the plea hearing about the plea agreement's stipulated loss amount. Each time, Gbor agreed that he did not "have any reason to disagree with the amount [in the plea agreement]" and "that the amounts [listed in the plea agreement] were taken from the banks." (Plea Hr'g Tr. at 19:13-20; *see also id.* at 17:16-23.) In light of this record, the Court finds Gbor's current allegation that his attorney failed to properly calculate the loss amount incredible. *See Rodriguez*, 2013 WL 6328853, at *2.

Further, to show ineffective assistance of counsel, Gbor must show prejudice to his case. *Palmer v. Clarke*, 408 F.3d 423, 445 (8th Cir. 2005). To do so, Gbor must allege "what, if any, additional information would have been gleaned" had his attorney investigated the loss amount. *Id.* And "general allegations" are insufficient to "satisfy the requirement." *Id.* Here, Gbor makes no allegations about the information his

attorney would have learned had he investigated the loss-amount calculation and, instead, Gbor simply alleges prejudice is shown because loss-amount is critical to applying the advisory Guidelines. (Reply to Government's Opp'n to Def.'s Pet. for Relief at 1-2, Apr. 7, 2017, Docket No. 1388.) These allegations are insufficient to show prejudice.

For these reasons, the Court will deny Gbor's section 2255 motion to vacate, set aside, or correct his sentence.

## III.  CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the issues must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). The Court concludes that it is unlikely that reasonable jurists would find the issues raised in Gbor's motion debatable or that some other court would decide the issues differently. The Court therefore declines to grant a certificate of appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Petitioner Jeffery Dulwonh Gbor's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Docket No. 1361] is **DENIED**.

2. The Court does **NOT** certify for appeal under 28 U.S.C. § 2253(c) the issues raised in Gbor's motion.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 24, 2017                  _____s/John R. Tunheim_____
at Minneapolis, Minnesota.               JOHN R. TUNHEIM
                                                           Chief Judge
                                       United States District Court