UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

                       Crim. No. 14-344(5) (JRT)

             Plaintiff,

v.                      **MEMORANDUM ORDER AND OPINION
DENYING DEFENDANT'S MOTION FOR**
JEFFERY DULWONH GBOR,       **COMPASSIONATE RELEASE**

             Defendant.

---

Chelsea A. Walcker and Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Jeffery Dulwonh Gbor, BOP Reg. No. 18257-041, USP Big Sandy, P.O. Box 2068, Inez, KY 41224, *pro se* defendant.

Defendant Jeffery Dulwonh Gbor is serving a 136-month sentence after pleading guilty to conspiracy to commit bank fraud and aiding and aggravated identity theft. Gbor asks the Court to grant him compassionate release on the basis of health concerns related to COVID-19, family caregiving responsibilities, and psychological concerns. Because Gbor fails to adequately demonstrate that extraordinary and compelling reasons warrant reduction of his sentence and because such a reduction would not be consistent with the 18 U.S.C. § 3553(a) sentencing factors and the applicable policy statements, the Court will deny Gbor's motion.

**BACKGROUND**

On October 21, 2014, the United Stated indicted Gbor and several others on multiple charges related to a scheme to defraud and obtain money and property using counterfeit and legitimate personal checks at several financial institutions in Minnesota. (Indictment ¶¶ 3, 13–25 Oct. 21, 2014, Docket No. 1.)  The Indictment named Gbor as a recruiter, who enlisted and advised other individuals in the scheme, facilitated transactions between various members of the team, and actively participated in the fraud and identity theft operation.  (*Id.* ¶¶ 10–12(b), 21, 24.)  Gbor pleaded guilty to one count of conspiracy to commit bank fraud and one count of aggravated identity theft.  (*See* Plea Agreement, Apr. 8, 2015, Docket No. 559.)  At sentencing, the Court granted a downward variance from the guideline range, recognizing the mitigating impacts of Gbor's struggles with mental health and addiction.  (Am. Statement of Reasons at 3–4, July 29, 2016, Docket No. 1103.)  However, the Court also considered Gbor's history of criminal conduct, including several violent crimes, as well as the substantial scope of the conspiracy and Gbor's significant role in almost all aspects of the operation.  (*Id.*)

Gbor is 34 years old and is currently incarcerated at USP Big Sandy.  *Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Oct. 12, 2022).  His current projected release date is December 17, 2025.  *Id.*

Currently, USP Big Sandy has no active COVID-19 cases among inmates.  *COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Oct. 11, 2022).  Over the course of the COVID-19 pandemic, 227 inmates and 228 staff

members at USP Big Sandy have tested positive for COVID-19, but there have been no reported COVID-19-related deaths at the facility during the pandemic. *Id.* Moreover, 206 staff members and 1,020 inmates have been vaccinated—including Gbor. *Id.*; (Gov't's Ex. 1 at 269, Sept. 20, 2022, Docket No. 2001.) Gbor suffers from asthma, which he manages with an albuterol prescription, and he had only mild symptoms when he contracted COVID-19 in November 2020. (Mem. Op. & Order Den. 1st Mot. Compassionate Release at 3, Mar. 18, 2021, Docket No. 1848; Gov't's Ex. 1 at 18, 30, 99.)

Gbor first filed a motion for compassionate release in July 2020, seeking relief due to family circumstances during the COVID-19 pandemic and concerns about a COVID-19 outbreak in FCI Memphis, where he was incarcerated at the time. (1st Mem. Supp. 1st Mot. Compassionate Release, July 6, 2020, Docket No. 1793.) In a subsequent memorandum, Gbor argued that his obesity and asthma placed him at higher risk for being infected with COVID-19. (2nd Mem. Supp. 1st Mot. Compassionate Release at 1, Dec. 14, 2020, Docket No. 1828.) The Court denied his motion because Gbor failed to demonstrate that extraordinary and compelling reasons warranted reduction of his sentence. (Mem. Op. & Order Den. 1st Mot. Compassionate Release.) Though the Court acknowledged that respiratory conditions such as asthma may make some individuals more susceptible to complications from a COVID-19 infection, the Court ultimately denied the motion because of Gbor's aggravating role in the counterfeit check scheme, his lengthy criminal history and disciplinary infractions while incarcerated, and the risk that

an early release would create unwarranted sentence disparities and not reflect the seriousness of Gbor's crime. (*Id.* at 5.)

Gbor filed a second motion for compassionate release on March 28, 2022. (2nd Mot. Compassionate Release, Mar. 28, 2022, Docket No. 1954.) Gbor seeks relief on several grounds. First, he claims he must provide care for his minor daughter who was sexually assaulted. (*Id.* at 3.) He claims that her mother is unable to care for her and has become disabled. (*Id.*) Second, Gbor seeks early release from prison because of the psychological trauma associated with the death of his aunt and recent shooting of his brother. (*Id.* at 5.) Gbor claims these events have negatively affected his blood pressure. (*Id.*) Lastly, Gbor raises similar health concerns to his first motion for compassionate release, namely that his asthma makes him more susceptible to complications from COVID-19. (*Id.* at 4.) The United States opposes Gbor's motion. (Resp. Opp. Def's 2nd Mot. Compassionate Release, Sept. 20, 2022, Docket No. 2000.)

## DISCUSSION

The First Step Act, passed in December 2018, amended the procedure for compassionate release. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)(1)(A)). The law allows defendants, in addition to the Federal Bureau of Prisons ("BOP"), to move for compassionate release after a defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). The United States concedes that

Gbor made a request to his warden in December 2021, which was denied, so his current motion is ripe for consideration. (*See* Gov't's Ex. 2 at 1, Sept. 20, 2022, Docket No. 2002.)

The Court may modify a defendant's sentence after considering the "factors set forth in section 3553(a)," if it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Gbor's circumstances, though challenging, are not extraordinary or compelling circumstances that warrant a reduction in his sentence based on the evidence before the Court.

First, Gbor argues he must be released to care for his daughter who was recently sexually assaulted. Family circumstances may warrant compassionate release in extraordinary circumstances. *United States v. Loggins*, 966 F.3d 891, 892 (8th Cir. 2020). The Sentencing Commission notes that family circumstances may constitute an extraordinary or compelling reasons in the event of "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children." U.S.S.G. § 1B1.13 cmt. n.1(C). Incapacitation, as defined by the BOP, occurs when the "family member caregiver suffered a severe injury (e.g., auto accident) or suffers from severe illness (e.g., cancer) that renders the caregiver incapable of caring for the child." Fed. Bureau of Prisons, Program Statement 5050.50 at 7 (2019).[1] Gbor claims that his daughter's mother has

---

[1] The Program Statement is accessible at https://www.bop.gov/policy/progstat/5050_050_EN.pdf; *see also Reno v. Koray*, 515 U.S. 50, 61 (1995) (holding that BOP program statements are entitled to some deference).

become disabled, is psychologically unable to grapple with the daughter's assault, and is financially unable to care for the child. Before his incarceration, Gbor did not provide regular caregiving for this daughter. (PSR ¶ 228, Mar. 17, 2016, Docket No. 883.) Gbor has not provided any evidence demonstrating he is the only person who can provide caregiving for his daughter. Though these claimed circumstances are certainly tragic, Gbor has provided no evidence beyond his own statements to demonstrate that his daughter's mother is incapacitated or that there are extraordinary and compelling reasons to release him based on these family circumstances. *See* Program Statement 5050.50 at 7–11 (listing evidence the BOP should consider when an inmate seeks compassionate release based on incapacitation of a caregiver, spouse, or registered partner).

Second, Gbor argues he is experiencing psychological trauma following the death of his aunt and the shooting of his younger brother. Gbor wishes to grieve and assist his family, and Gbor claims the trauma affects his blood pressure. However, Gbor has provided no evidence to support his change in blood pressure or that his family cannot cope without him. Moreover, the Sentencing Commission notes that extraordinary and compelling reasons may exist when a defendant is suffering from a terminal illness or a serious physical or medical condition that substantially diminishes the defendant's ability to provide self-care while incarcerated. U.S.S.G. § 1B1.13 cmt. n.1(A). Gbor's mental health has been evaluated since the passing of his aunt, and he did not complain of mental

health concerns or request any treatment for the psychological trauma he now claims. (Gov't's Ex. 1 at 77.) Moreover, Gbor has been instructed on how to obtain mental health care while inprisoned, (*Id.* at 80), but he provides no evidence of seeking treatment or otherwise supporting his claim of psychological trauma. Gbor has not shown that his ability to treat his mental health is substantially diminished due to his incarceration. As such, this psychological trauma does not constitute an extraordinary and compelling circumstance that warrants an early release from incarceration.

Third, Gbor argues that he has asthma and that the COVID-19 pandemic, and specifically the COVID-19 policies at USP Big Sandy, constitute an extraordinary and compelling reason. The Court previously rejected similar arguments from Gbor. (Mem. Op. & Order Den. 1st Mot. Compassionate Release at 4–5.) The Court acknowledges that the COVID-19 pandemic presents a heightened risk for incarcerated defendants with respiratory and other conditions. *United States v. Gutierrez*, No. 98-279(8), 2020 WL 3839831, at *2 n.2 (D. Minn. July 8, 2020). However, Gbor manages his asthma with an albuterol prescription and he is fully vaccinated against COVID-19. These factors mitigate Gbor's risk of complications. *See Benefits of Getting a COVID-19 Vaccine*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html (last updated Aug. 17, 2022). Moreover, Gbor only suffered from mild symptoms when he contracted COVID-19 in November 2020. This suggests that the risk

of contracting COVID-19 again is not an extraordinary and compelling reason for a compassionate release.

Even if Gbor presented an extraordinary and compelling reason, the Court would nevertheless deny his Motion because his release would be inconsistent with 18 U.S.C. § 3553(a).  *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors). When considering a motion for compassionate release, the Court must consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, the need to provide a just punishment for the offense, and the need to protect the public from further crimes of the defendant.  *See* 18 U.S.C. §§ 3553(a).  Gbor still has a substantial portion of his sentence left to serve.  Additionally, he played an aggravating role in the counterfeit check scheme, and modifying his sentence would create unwarranted sentence disparities and not reflect the seriousness of the crime. Gbor also has a lengthy criminal history, including other offenses related to check fraud and forgery, and numerous violent offenses.  These factors suggest that releasing Gbor at this time may not adequately deter future criminal conduct or protect the public from Gbor.

In support of his Motion, Gbor noted that he has completed three educational programs while in custody.  (2nd Mot. Compassionate Release at 5.)  This educational experience is commendable, will help Gbor readjust to society after his incarceration, and supports his Motion.  However, it cannot overcome the other considerations at this time.

In sum, extraordinary and compelling reasons do not warrant a reduction of Gbor's sentence. Nor would such a reduction be consistent with the relevant sentencing factors and policy statements. The Court will therefore deny Gbor's Motion.[2]

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Defendant's Motion for Compassionate Release [Docket No. 1954] is **DENIED**.

DATED: November 9, 2022
at Minneapolis, Minnesota.

                                                    JOHN R. TUNHEIM
                                        United States District Judge

---

[2] In both his Motion and his Reply, Gbor requested the Court appoint counsel. (2nd Mot. Compassionate Release at 3; Def.'s Reply Supp. 2nd Mot. Compassionate Release at 1, Oct. 24, 2022, Docket No. 2011.) Because the Court will deny his Motion, this request is moot, and the Court will deny it as such.