UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Crim. No. 14-344(5) (JRT/TNL) |
| v. | MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |
| JEFFERY DULWONH GBOR, | |
| Defendant. | |

---

Katharine T. Buzicky, **OFFICE OF THE UNITED STATES ATTORNEY**, 316 North Robert Street, Suite 404, Saint Paul, MN 55101, for plaintiff.

Jeffery Dulwonh Gbor, BOP Reg. No. 18257-041, USP Big Sandy, P.O. Box 2068, Inez, KY 41224, *pro se* defendant.

Defendant Jeffery Dulwonh Gbor is serving a 136-month sentence after pleading guilty to conspiracy to commit bank fraud and aggravated identity theft. Gbor filed a motion for compassionate release, which the Court denied after finding that he failed to adequately demonstrate that extraordinary and compelling reasons warranted a reduction of his sentence and that such a reduction would not be consistent with the 18 U.S.C. § 3553(a) sentencing factors and applicable policy statements. (Mem. Op. Order Den. Mot. Compassionate Release, Nov. 9, 2022, Docket No. 2021.) Gbor has now filed a Motion to Reconsider. (Mot. Reconsideration, Nov. 29, 2022, Docket No. 2022.)

As a preliminary matter, a party is not permitted to file a motion to reconsider without first obtaining the Court's permission based on a showing of


"compelling circumstances." D. Minn. L.R. 7.1(j); *see also United States v. Johnson*, No. 16-193, 2020 WL 7418968, at *1 n.1 (D. Minn. Dec. 18, 2020) (noting that, while L.R. 7.1(j) appears in the rules section applicable to civil motion practice, courts in this district apply the same legal standard for motions to reconsider filed in criminal cases). Gbor has filed what he styles as a motion to reconsider, but he did not first request or receive permission to file such a motion. As such, the Court will liberally construe his pro se filing as a request for permission to file a motion to reconsider and consider it accordingly. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Motions to reconsider are meant to serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citation omitted). Thus, granting permission to file a motion to reconsider is appropriate when necessary to afford a party "an opportunity for relief in extraordinary circumstances." *Shukh v. Seagate Tech., LLC*, No. 10-404, 2011 WL 2880726, at *1 (D. Minn. July 18, 2011) (quoting *Dale & Selby Superette & Deli v. United States Dept. of Agric.*, 838 F. Supp. 1346, 1347–48 (D. Minn. 1993)).

Here, however, Gbor does not assert that the Court made a manifest error of law or fact or present newly discovered evidence. Nor does he demonstrate extraordinary circumstances. Gbor asks the Court to consider the Supreme Court's recent decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022), but in fact *Concepcion* does not

support Gbor's position. In *Concepcion*, the Supreme Court held that the First Step Act allows district courts to consider intervening changes in law or fact when exercising their discretion to reduce a sentence. *Id.* at 2404. Though the Court did not explicitly consider *Conception* in its denial of Gbor's motion for compassionate release, this does not constitute a manifest error of law because the Court **did** consider intervening changes of fact. Specifically, the Court considered Gbor's alleged changes in family circumstances, his psychological trauma, the COVID-19 pandemic, and the educational programs he completed while in custody. (*See generally* Mem. Op. Order Den. Mot. Compassionate Release.) Because the Court considered intervening changes in fact when it denied Gbor's motion, *Concepcion* does not constitute a manifest error of law that warrants reconsideration of the Court's previous order.

Additionally, Gbor has again asked the Court to appoint counsel. A defendant does not have a Sixth Amendment right to counsel in an 18 U.S.C. § 3582(c) proceeding. *United States v. Brown*, 565 F.3d 1093, 1094 (8th Cir. 2009). The Court declines to appoint counsel here given the straightforward nature of Gbor's claims and because, even if the Court appointed counsel to acquire additional evidence in support of Gbor's motion,[1] such evidence would be insufficient to warrant compassionate release considering the 18

---

[1] Gbor specifically suggests that appointed counsel could acquire evidence of his daughter's mother's incapacitation and his psychological trauma. (Mot. Reconsideration at 1, Nov. 29, 2022, Docket No. 2022.)

U.S.C. § 3553(a) sentencing factors. The Court's failure to appoint Gbor counsel does not constitute a manifest error of law or fact that supports his Motion to Reconsider.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration [Docket No. 2022] is **DENIED**.

Dated: December 28, 2022             _____s/John R. Tunheim_____
at Minneapolis, Minnesota            JOHN R. TUNHEIM
                                                                United States District Judge